## Raub, Appellant, *v.* Lackawanna County.

*Taxation—Separation of coal from surface—Deed—Tax assessment.*

A coal company conveyed land to an individual "excepting and reserving, however, unto the said company, their successors and assigns, all coal and minerals beneath the surface of and belonging to said lot, and also reserving to said company, its successors and assigns, the sole right and privilege to make, construct and use any subterranean passage or gangway under said lot that may be required by said company, its successors and assigns, to reach and mine any coal or other minerals belonging or appertaining to other lands or premises, but without the right to said company to mine and remove any coal or other minerals under said lot, except for the purpose of making and using said subterranean passages or gangways, but not thereby opening any mine or airshaft or establishing any fixture upon the surface of said lot."   Subsequently the county authorities assessed the surface of the land to the grantee in the deed and assessed the coal underlying the same to "owner unknown."   The grantee paid the taxes assessed against the surface, but not against the coal.   The county advertised the sale of the coal for the unpaid taxes.   The owner of the surface then filed a bill for an injunction to restrain the sale.   *Held,* that a taxable estate remained in the grantor, and that the assessment was sufficient to cover it.

Argued March 3, 1915.   Appeal, No. 24, March T., 1915, by plaintiff, from decree of C. P. Lackawanna Co., June T., 1910, No. 3, dismissing bill in equity in case of Andrew R. Raub v. Lackawanna County, et al.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for an injunction.   Before O'NEILL, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*Cole B. Price,* with him *Samuel B. Price* and *John H. Price,* for appellant.—If the grantor cannot mine the coal, he has no dominion or use of it.   The language is awkward and inconsistent, but the intention is plain. It is, that all the coal shall remain in place except that which was necessarily taken out in gangways driven under the lot for the purpose of obtaining coal from adjoining lands.   This left in the company no title to subterranean or mining property, for the use of the coal was conveyed to the grantees, to support the surface, and that is the only property right which can be derived from subterranean minerals except the right to mine and remove them: Caldwell v. Copeland, 37 Pa. 427; Caldwell v. Fulton, 31 Pa. 475.

If there is no severance, coal and surface must be assessed together: Scranton v. Gilbert, 16 W. N. C. 28; Kunes v. McCloskey, 115 Pa. 461.

*John P. Kelly,* with him *John B. Jordan,* County Solicitor, and *John J. Toohey,* for appellees: Whitaker v. Brown, 46 Pa. 197.

OPINION BY KEPHART, J., July 21, 1915:

Was there an estate in land which, under the laws of

the Commonwealth, would be the subject of an assessment and a tax?

The appellant is the owner of a lot of ground situate in Scranton, being lot No. 4, block 31, regularly assessed for taxes.  He acquired his title through sundry conveyances and, in so far as the question here involved is concerned, it originated with the deed of the Lackawanna Iron and Coal Company.  This deed contained the following: "Excepting and reserving, however, unto the said company, their successors and assigns, all coal and minerals beneath the surface of and belonging to said lot and also reserving to said company, its successors and assigns, the sole right and privilege to make, construct and use any subterranean passage or gangway under said lot that may be required by said company, its successors and assigns, to reach and mine any coal or other minerals belonging or appertaining to other lands or premises, but without the right to said company to mine and remove any coal or other minerals under said lot, except for the purpose of making and using said subterranean passage or gangway, but not thereby opening any mine or airshaft or establishing any fixture upon the surface of said lot."  In 1907 and 1908 the assessors separately assessed to "owner unknown" the coal under this lot, and county taxes were levied thereon. This bill in equity was brought to enjoin the county treasurer from selling the coal under appellant's lot and asked that the assessment be declared null and void.

As between the grantor and grantee, should there be an effort on the part of the grantor to mine the coal contrary to the language of this conveyance, full force and effect may be given to the words quoted above.  The contest before us is not between the grantor and grantee, but arises by virtue of the right in the Commonwealth to demand that all property, designated by law, respond in its just proportion to the tax burden.  If such property be in existence, in an estate presently taxable, it is the duty of the assessor to return it for taxation.  There is

no question about the existence of the coal underneath appellant's land, and it only remains for us to determine from this conveyance whether there remained in the grantor an estate in the property. If, in the course of our inquiry, it is determined that sufficient estate exists in the grantor to support this assessment, our further inquiry would stop without determining the many questions as to construction presented by the appellant in his argument. Before discussing this question it is well to observe that appellant's assessment, being without limitation as to the character of the estate intended to be covered, is broad enough to cover all estates, both surface and subjacent, the entire fee. It could not be held in a contest with the owner to include an estate to which the plaintiff had no title, but had a right in the nature of a subsisting covenant running with the land, restricting the use of the estate excepted or attempted to be created.

It is apparent, without entering into an elaborate discussion of the effect of the words "without the right of said company to mine and remove any coal or any minerals under said lot," that the grantor reserved to himself such an estate and such a right to a certain use in the property as would be the subject of a future conveyance, and such a conveyance would be of real property. The words quoted as used in the reservation or exception do not destroy the quantity of the estate therein excepted or reserved or the time of enjoyment of the freehold left in the grantor, though it might have a tendency to limit or restrict the use of the fee therein reserved. This we do not decide. Such estate was a proper subject of taxation, and the description of the property employed in assessment was sufficient to cover just such an estate left in the grantor.

We do not here determine the effect of this covenant, whether it is a covenant for surface support running with the land, inuring to the benefit of the grantee, and would not be discharged by judicial sale, or whether it

is a restriction upon the estate retained and excepted by the grantor, or whether it is a limitation upon the use in the grantor attached to and becoming a part of the surface estate. It cannot be decided in this issue whether this estate, as taxable property, is burdened with this covenant for surface support, restriction or limitation of use, and as thus burdened would pass to the purchaser at a tax sale. As a covenant it could not have the effect of enlarging the estate conveyed to the grantee, thereby vesting in him the absolute ownership of the coal, for a restriction upon the use of property does not convey a title to the property. We therefore hold that the assessment was legal, without determining the effect of the clause quoted upon the entire exception and reservation contained in the deed, except that it did not convey to the grantee an estate in fee simple to the coal underneath his lot.

The assignments of error are overruled and the decree is affirmed at the cost of the appellant.